UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KERON GRANT,

                      Plaintiff,

           -against-                                      **COMPLAINT**

BAGEL PRODUCTS INC. d/b/a THE BAGELS
and KYU SUNG CHUNG,

                     Defendants.
------------------------------------------------------------------------X

Plaintiff, KERON GRANT ("Plaintiff"), on behalf of himself and through his attorneys, Romero Law Group PLLC, complaining of the Defendants BAGEL PRODUCTS INC. d/b/a THE BAGELS ("BPI") and KYU SUNG CHUNG ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendants for failure to pay Plaintiff premium overtime wages for all hours worked in excess of forty hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL").

2. Plaintiff seeks injunctive relief and seeks to recover unpaid wages, liquidated damages, and attorneys' fees and costs under the FLSA and NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6.    Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

7.    Defendant, BPI, was and still is a domestic corporation.

8.    Defendant, BPI, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.  Defendants' employees were engaged in cooking, prepping, and dish washing and used equipment to prepare materials, such as fruits, vegetables, grains, meat, poultry, cooking vessels, cleaning supplies, paper products, furniture, kitchen utensils, and other tools, equipment and products, many of which originated in states other than New York.

9.    Defendant BPI was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

10.    Defendant, KYU SUNG CHUNG, is and/or was an officer and/or owner of BPI, had authority to make payroll and personnel decisions for BPI, was active in the day-to-day management of BPI, including the payment of wages to Plaintiff and other employees and determining what wages were paid to Plaintiff and other employees, and is liable as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

11.     Defendants own and operate a restaurant located at 17 Nassau Boulevard, Garden City, New York 11530.

12.     Plaintiff was employed by the Defendants as a counter worker from in or about July 2023 through December 2024.

13.     Throughout his employment, Plaintiff regularly worked more than 40 hours in a workweek.  Plaintiff regularly worked from 5:00 a.m. until between 4:00 p.m., five days per week.

14.     Defendants paid Plaintiff at his regular straight time rate for all hours worked each workweek, including those hours worked in excess of forty hours per workweek.  Defendants willfully failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate for those hours he worked after of forty hour per workweek.

15.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

16.     Throughout his employment, Plaintiff regularly worked a shift that exceeded ten hours per workday.

17.     Defendants failed to pay Plaintiff one additional hour at the applicable minimum wage rate, or his regular rate of pay, whichever was higher, for each workday that exceeded ten hours in violation of the NYLL.

18.     Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing, *inter alia,* the correct overtime rate of pay for hours worked in excess of 40 hours per workweek in violation of NYLL § 195(3).

19.     Defendants' failure to properly state Plaintiff's regular rate and overtime rate upon hire, and failure to properly state Plaintiff's correct overtime rate of pay each pay period, prevented Plaintiff from knowing to what extent he had been underpaid and seeking payment for the precise amount of his unpaid wages.

20.     As a result, Plaintiff was deprived of his income for longer than he would have been had he been able to timely raise his underpayment earlier.  Plaintiff was unable to determine how much he had been underpaid throughout his employment.  Plaintiff would have asserted his claim sooner if accurate statements had been provided.

21.     Defendants' failure to provide accurate notices and statements not only denied Plaintiff the time-value of the underpayments he seeks to recover in this action, but also resulted in continued practice of paying Plaintiff less than one and one-half times his regular rate for hours that he worked after 40 hours per workweek.

22.     Defendants failed to post required notices regarding payment of minimum wages and overtime compensation as required by the FLSA and NYLL.

**FIRST CLAIM FOR RELIEF**
**FLSA UNPAID OVERTIME WAGES**

23.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

24.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate him for all his time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times his regular hourly rates, in violation of the FLSA.

25.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.

4

26.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

27.     Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover overtime compensation in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**NYLL UNPAID OVERTIME WAGES**

28.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

29.     Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff, for all hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times his regular hourly rates, in violation of the NYLL.

30.     By Defendants' failure to pay Plaintiff, proper overtime wages for all hours worked in excess of 40 hours per week, Defendants violated the NYLL and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. § 142.

31.     Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

32.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and interest as permitted by law.

**THIRD CLAIM FOR RELIEF**
**NYLL SPREAD OF HOURS CLAIM**

33.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

5

34.    Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum wage rate for each day his spread of hours exceeded ten in violation of 12 N.Y.C.R.R. § 142.

35.    Defendants' failure to pay spread-of-hours compensation was willful and intentional.

36.    Plaintiff is entitled to recover unpaid spread of hours compensation, liquidated damages, attorneys' fees, costs of this action and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## NYLL WAGE NOTICE CLAIM

37.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38.    Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by NYLL § 195(1).

39.    Due to Defendant's failure to provide Plaintiff with the notice and statement required by NYLL § 195(1), Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## FIFTH CLAIM FOR RELIEF
## NYLL WAGE STATEMENT CLAIM

40.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

41.    Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by NYLL § 195(3).

42.    Due to Defendant's failure to provide Plaintiff with the notice and statement required by NYLL § 195(3), Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i.      An order restraining Defendants from retaliating against Plaintiff;

ii.     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, and its supporting regulations, and the NYLL, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii.    Unpaid wages, plus an equal amount in liquidated damages under the FLSA;

iv.     Damages pursuant to NYLL § 198(1-a);

v.      Pre- and post-judgment interest as permitted by law;

vi.     All attorneys' fees incurred in prosecuting these claims;

vii.    All costs incurred in prosecuting these claims; and

viii.   Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
        January 7, 2025

> ROMERO LAW GROUP PLLC
> 490 Wheeler Road, Suite 277
> Hauppauge, New York 11788
> Tel.: (631) 257-5588
>
> By:    */s Peter A. Romero*
>
>        _____
>        PETER A. ROMERO, ESQ.
>
>        *Attorneys for Plaintiff*

7

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, The Bagels , and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

keron Grant (Dec 19, 2024 22:54 EST)

Keron Grant

12/19/2024

Date